FILED
IN OPEN COURT

JUL  9

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA   )
                           )
        v.                 )   No. 1:11-CR-95
                           )
SUSANNE D. RÜEGG MEIER     )
                           )
        Defendant.         )

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia;

Mark D. Lytle, Assistant United States Attorney; Stuart M. Goldberg, Acting Deputy Assistant

Attorney General, Tax Division, U.S. Department of Justice, Mark F. Daly, Senior Litigation

Counsel; Robert Boudreau, Trial Attorney; the defendant, Susanne D. Ruegg Meier; and the

defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of

Criminal Procedure.  The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Count One of the superseding indictment

charging the defendant with conspiracy to defraud the United States for the purpose of impeding,

impairing, obstructing, and defeating the lawful government functions of the Internal Revenue

Service of the Treasury Department, in violation of Title 18 United States Code, Section 371.

The maximum penalties for this offense are:  a maximum term of five years of imprisonment, a

fine of $250,000, full restitution, forfeiture of assets, special assessments pursuant to 18 U.S.C.

§§ 3013 and 3014, and three years of supervised release.  The defendant understands that this

supervised release term is in addition to any prison term the defendant may receive, and that a

violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.      Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**3.      Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

  a.  the right to plead not guilty and to persist in that plea;

  b.  the right to a jury trial;

  c.  the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

  d.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.      Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands

15602010.1

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

a.  The base offense level is 24 pursuant to U.S.S.G. §§2T1.9(a)(1); 2T1.1; and 2T4.1(J) because the tax loss amount is more than $3,500,000 but less than or equal to $9,500,000; and

b.  The base offense level is increased by 2 levels pursuant to U.S.S.G. §2T1.1(b)(1) because the offense involved sophisticated means; and

c.  The parties agree that they are free to argue other provisions of the U.S.S.G. not referenced herein.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate

3

15602010.1

their resources efficiently. If the defendant qualifies for a two-level decrease in offense level

pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a

level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense

level.

### 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in

18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or

by a representative, to request or receive from any department or agency of the United States

any records pertaining to the investigation or prosecution of this case, including without

limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C.

§ 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of $100 per count of conviction.

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever

monetary penalties are imposed by the Court will be due immediately and subject to immediate

4

15602010.1

enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days

of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

debtor's examination and/or complete a financial statement under penalty of perjury. If the

Court imposes a schedule of payments, the defendant understands that the schedule of payments

is merely a minimum schedule of payments and not the only method, nor a limitation on the

methods, available to the United States to enforce the judgment. If the defendant is incarcerated,

the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or

imposes a schedule of payments.

### 8. Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A.

Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.

However, the parties have agreed that Defendant should not be required to pay restitution in this

matter because all losses to the government as a result of the conspiracy with Defendant already

have been paid in full by Credit Suisse AG as part of its criminal settlement.[1] Pursuant to

18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise

to this plea agreement and as such, victims of the conduct described in the charging instrument,

statement of facts or any related or similar conduct shall be entitled to restitution. Without

limiting the amount of restitution that the Court must impose, the parties agree that, at a

minimum, the following victims have suffered the following losses and are entitled to restitution:

---

[1] *See United States v. Credit Suisse AG*, Criminal Number 1:14-CR-188, (E.D.Va.) (Chief Judge Rebecca Beach Smith, presiding). In that matter, the Court ordered Credit Suisse AG to pay $666,500,000 in restitution to the IRS for its role in a decades-long conspiracy to aid in the preparation of false income tax returns. Further Credit Suisse AG was ordered to pay a fine in the amount of $1,333,500,000.00. Credit Suisse AG paid these amounts in full in November 2014.

15602010.1

<u>Victim Name / Address</u>                                    <u>Amount of Restitution</u>
IRS – RACS
Attn.: Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO  64108

The parties acknowledge that determination of the identities, addresses and loss amounts

for all victims in this matter is a complicated and time consuming process.  To that end,

defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of

restitution until after the sentencing; however, defendant specifically waives the 90 day provision

found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution

after sentencing without limitation.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax,

either directly as part of the sentence or as a condition of supervised release, the IRS will use the

restitution order as the basis for a civil assessment.  *See* 26 U.S.C. § 6201(a)(4).  The defendant

does not have the right to challenge the amount of this assessment.  *See* 26 U.S.C.

§ 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's

timely payment of restitution according to that schedule will preclude the IRS from

administrative collection of the restitution-based assessment, including levy and distraint

under 26 U.S.C. § 6331.

**9.      Immunity from Further Prosecution**

The United States will not further criminally prosecute the defendant for the

specific conduct described in the superseding indictment or statement of facts.

**10.      Waiver or Protections of Proffer Agreement**

Defendant agrees that all protections contained in the proffer agreement executed on

December 15, 2016 are hereby waived.  Defendant further agrees that the government may use

6

all statements provided by her, without limitation, in any proceeding brought by the government, including the Internal Revenue Service, against the defendant.

**11.    Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government.  In that regard:

    a.    The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

    b.    The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

    c.    The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

    d.    The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

    e.    The defendant agrees that the Statement of Facts is limited to information to support the plea.  The defendant will provide more detailed facts relating to this case during ensuing debriefings.

    f.    The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

7

156020101

such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g.    Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

## 12.    Use of Information Provided by the Defendant Under This Agreement

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

## 13.    Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges

15602010.1

resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 14. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 15. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of

9

15602010.1

the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

10

15602010.1

16.    **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United

States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney

acknowledge that no threats, promises, or representations have been made, nor agreements

reached, other than those set forth in writing in this plea agreement, to cause the defendant to

plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing

in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente                                  Stuart M. Goldberg
United States Attorney                          Acting Deputy Assistant Attorney General
                                                Department of Justice, Tax Division

By: _____             By: _____
~~Mark D. Lytle~~ Matthew Burke                 Mark F. Daly
Assistant United States Attorney                Senior Litigation Counsel
                                                Robert J. Boudreau
                                                Trial Attorney

    **Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully
understand all rights with respect to the pending superseding indictment. Further, I fully
understand all rights with respect to Title 18, United States Code, Section 3553 and the
provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea
agreement and carefully reviewed every part of it with my attorney. I understand this agreement
and voluntarily agree to it.

Date: 2017/07/19    _____
                    Susanne D. Rüegg Meier
                    Defendant

11

**Defense Counsel's Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending superseding indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/19/17

Paula M. Junghans, Esq.
Counsel for the Defendant

15602010 1