**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No.  1:11CR00095-006** |
| **v.** | ) | **Honorable Gerald Bruce Lee** |
| **SUSANNE RÜEGG-MEIER** | ) | **Sentencing:  September 8, 2017** |
| | ) | **9:00 AM** |


<u>**DEFENDANT SUSANNE RÜEGG-MEIER'S**</u>
<u>**SUPPLEMENTAL SENTENCING MEMORANDUM**</u>


When the defendant submitted her sentencing memorandum earlier today, it was based on counsel's most recent communications with the government, which indicated that the government intended to recommend the same sentence it recommended for co-defendant Bergantino, i.e. twenty-two months.  However, the government's sentencing recommendation, filed thereafter, is for <u>thirty-eight</u> months of imprisonment.  The government's sentencing memorandum is almost a verbatim copy of the memorandum it submitted for Mr. Bergantino, and makes no additional effort to explain any rationale for this huge increase or how it is supposed to achieve the purposes of sentencing.

Notably, only a few months ago, the same prosecutors made a recommendation – in this same courthouse – of a sentence of only twenty months for a US taxpayer who orchestrated a 15 year long scheme to evade a combined $18.5 million in taxes due to the IRS and the State of New York[1], employed multiple foreign entities to achieve that end, filed false FBARs, and

---

[1] Inexplicably, the plea agreement was based on an offense level for a tax loss of less than $10 million.

whose conduct continued into 2015 (and ended only when he was confronted by IRS Special Agents) – all this despite the government's well-advertised efforts to solicit taxpayers to come into compliance through the various offshore compliance programs. [2] *United States v. Horsky,* Cr. 1:16-cr-00224-TSE, ECF No. 26.  Evidently the difference between Ms. Rüegg-Meier and Mr. Horsky justifying the much more lenient approach accorded him is that he <u>had</u> hundreds of millions of dollars and was therefore able to pay an FBAR penalty of more than $100 million, as well as the taxes involved.  The fact that Ms. Rüegg-Meier never came anywhere near that kind of money doing her job at Credit Suisse is not cause to seek such a dramatically different sentence. The government's recommendation suggests that the government has not been listening to this Court's explanations for earlier sentences imposed in this case, and intimates that one can indeed buy his way out of a some or all of a criminal sentence.  The recommendation is unjustified and unprincipled, and should be soundly rejected.

Defendant also notes that the government recommends that a fine of $110,000 (32% of her net worth, most of which is derived from residential real estate owned with her husband) is "commensurate" with fines imposed on her co-defendants.  It then cites the fines imposed on Messrs. Bachmann (.5% of his net worth), Dörig (less than 1% of his more than $15 million net worth), and Bergantino (.6% of his net worth).  There is nothing "commensurate" about the

---

[2] It appears that the government did not even seek an enhancement for "sophisticated means" in the Horsky case, despite the obvious complexity of the crime.

government's calculation.  For the reasons set forth in defendant's initial memorandum, she respectfully requests that no fine be imposed.

Respectfully submitted,

*/s/ R. Miles Clark*
R. MILES CLARK (#65339)
mclark@zuckerman.com
PAULA M. JUNGHANS (*Pro Hac Vice*)
pjunghans@zuckerman.com
Zuckerman Spaeder LLP
1800 M Street NW
Washington DC 20036
T:  202-778-1800
F:  202-822-8106
*Attorneys for Defendant Susanne Rüegg-Meier*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2017, I caused the foregoing Sentencing

Memorandum to be filed with the Clerk of Court using the CM/ECF system.


*/s/ R. Miles Clark*
R. Miles Clark

6195945.1